IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATAIN SPECIALTY INSURANCE
COMPANY,

      Plaintiff,

v.

NORTH METRO HANDYMAN,
LLC, CHRISTOPHER DOUGLAS
LIND, INNOVATION PARKING
CONCEPTS, LLC, IPC
HOLDINGS, INC., EXTENDED
COMPUTER SERVICES, INC., and
STACY MICHAEL LANGHAM,

      Defendants.

CIVIL ACTION FILE

NO. 1:19-CV-3565-MHC

## ORDER

This case comes before the Court on Plaintiff Atain Specialty Insurance Company ("Atain")'s Response to Show Cause Order and Motion for Leave to Conduct Limited Jurisdictional Discovery ("Motion") [Doc. 9].

On August 7, 2019, Atain filed its Complaint for Declaratory Judgment ("Complaint") [Doc. 1] seeking a declaration that it does not have an obligation to defend Defendant North Metro Handyman, LLC ("NHM") in a lawsuit filed by Defendant Stacy Michael Langham. Atain invokes the Court's diversity

jurisdiction. Compl. ¶¶ 9-10. Atain asserts Defendants NMH and Innovation Parking Concepts, LLC ("Innovation") are Georgia limited liability companies with their principal offices in Georgia and all of their members "are residents and citizens of the state of Georgia." Id. ¶¶ 3, 5. Because the Complaint did not identify NMH's and Innovation's members and provide their citizenships, on August 8, 2019, the Court ordered Atain to show cause why this case should not be dismissed for lack of subject matter jurisdiction. See Aug. 8, 2019, Order [Doc. 8].

On August 22, 2019, Atain responded, requesting leave to conduct limited jurisdictional discovery to confirm that diversity jurisdiction exists once NMH and Innovation are served and have filed responsive pleadings. See Mot. ¶ 5. Atain states that it believes jurisdictional discovery can be completed with ninety days of NMH and Innovation filing their responsive pleadings, and requests that the Court stay all deadlines until NMH and Innovation clarify the citizenship of their members or until the parties complete jurisdictional discovery. Id. ¶ 10. No proof that NMH and Innovation have been served appears on the docket.

"It is now clear that federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729 (11th Cir. 1982) (citations omitted); see also Blanco v. Carigulf Lines, 632 F.2d 656, 658 (5th

Cir. 1980[1]) ("We merely hold that the rules entitle a plaintiff to elicit material facts regarding jurisdiction through discovery before a claim may be dismissed for lack of jurisdiction."). "The district court, of course, retains discretion 'with respect to the form that the discovery will take.'" Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota, 859 F.3d 1337, 1341 (11th Cir. 2017) (quoting Eaton, 692 F.2d at 729 n.7).

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery [Doc. 9] is **GRANTED IN PART**. Plaintiff Atain Specialty Insurance Company has fourteen (14) days after Defendants North Metro Handyman, LLC and Innovation Parking Concepts, LLC file their responsive pleadings to serve each with jurisdictional interrogatories inquiring as to the identity and citizenship of their respective members. Plaintiff Atain Specialty Insurance Company has fourteen (14) days following its receipt of the responses to this jurisdictional discovery to supplement its response to the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

3

Court's August 8, 2019, Order [Doc. 8].

**IT IS SO ORDERED** this 22ⁿᵈ day of August, 2019.

_____
MARK H. COHEN
United States District Judge

4